UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Moises Lopez,                                  :
                                               :
       Petitioner,                    :
   v.                                          :      Civil Action No. 08-0717 (CKK)
                                               :
Michael Mukasey,                               :
                                               :
       Respondent.                    :

MEMORANDUM OPINION

In this *habeas corpus* action filed *pro se* by a prisoner at the Federal Correctional Institution in Fort Worth, Texas, petitioner challenges his conviction entered by the United States District Court for the Northern District of Texas. Petitioner claims that the sentencing court lacked subject-matter jurisdiction over the criminal proceedings and that his attorney was ineffective in failing to raise the jurisdictional question.

Because petitioner is challenging his conviction, his recourse lies in a motion under 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (where petitioner attacked the constitutionality of the statute under which he was convicted and sentenced, the proper remedy was by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). Under that statute,

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Petitioner's assertion that his remedy is inadequate because "[t]he Legislative-

Territorial Court wherein the issue now complained arose lacks the Constitutional authority to entertain and to adjudicate the issue," Pet. at 3, is baseless. *See* 28 U.S.C. § 132 (establishing United States district courts "in each judicial district"). A separate Order dismissing the case for lack of jurisdiction accompanies this Memorandum Opinion.[1]

                                                            _____s/s_____
                                                           COLLEEN KOLLAR-KOTELLY
DATE: May 5, 2008                                  United States District Judge

---

[1] In a motion to transfer [Dkt. No. 3], petitioner states that he is preparing a § 2255 motion. Thus, no reason exists for transferring what would be a duplicative action.